UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

GENTLE WAVE SHIPPING S.A.,

                    Petitioner,           09 Civ. 7909

    -against-                      OPINION

TRANSFIELD SHIPPING INC.,

                    Respondent.

----------------------------------X

┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED: 2-16-10          │
└─────────────────────────────┘

A P P E A R A N C E S:

        Attorneys for Petitioner

        SEWARD & KISSEL LLP
        One Battery Park Plaza
        New York, NY  10004
        By:  Bruce G. Paulsen, Esq.

        Attorneys for Respondent

        CHALOS & CO, P.C.
        123 South Street
        Oyster Bay, NY  11771
        By:  George M. Chalos, Esq.

**Sweet, D. J.**

Petitioner Gentle Wave Shipping S.A. ("Gentle Wave") has moved for attorneys fees and expenses, pursuant Rule 54(d) of the Federal Rules of Civil Procedure, in accordance of the Order of the Court, dated October 21, 2009, granting Petitioner Gentle Wave Shipping S.A.'s Motion to Confirm Arbitration Award and for Entry of Judgment in its entirety against Respondent Transfield Shipping Inc. ("Transfield" or "Respondent"), and with the terms of the Judgment entered by the Court on October 27, 2009, awarding Petitioner its expenses, including reasonable attorneys' fees. For the reasons set forth below, the motion is granted.

**Prior Proceedings**

A panel of two members of the London Maritime Arbitrators Association ("LMAA") sitting as arbitrators (the "Panel") pursuant to the LMAA Terms (2006), after considering the written evidence and submissions of both parties, issued an arbitration award duly executed on August 7, 2009 (the "First Final Award"), in favor of

1

Gentle Wave against Transfield. Transfield did not pay the
First Final Award, necessitating this action.

On September 16, 2009, Gentle Wave moved this
court for an order confirming the First Final Award and for
entry of judgment and requested attorneys' fees. See Rhonda
Enterprises S.A. v. Projector S.A., No. 08-CV-9563, 2009
U.S. Dist. LEXIS 30594, at *6 (S.D.N.Y. Feb. 6, 2009) ("As
applied to suits for the confirmation and enforcement of
arbitration awards . . . when a challenger refuses to abide
by an arbitrator's decision without justification,
attorneys' fees and costs may properly be awarded."
(quoting Int'l Chem. Workers Union (AFL-CIO), Local No. 227
v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)).
Transfield opposed the motion.

By Order dated October 21, 2009, this Court
granted Petitioner Gentle Wave Shipping S.A.'s Motion to
Confirm Arbitration Award and for Entry of Judgment in its
entirety, the First Final Award was confirmed, and entry of
judgment on notice was directed. The Judgment was entered
granting reasonable attorneys' fees on October 27, 2009
without opposition.

## **The Grant of Attorneys' Fees Has Been Determined**

The Judgment states that Gentle Wave "shall recover its costs and expenses, including reasonable attorneys' fees, against Respondent Transfield Shipping Inc." Respondent had the opportunity to submit opposition to the Judgment and to move for reconsideration pursuant Local Rule 6.3, but did not do so. The Judgment stands as the law of the case, precluding any argument as to the denial of fees. See The North River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160, 164 (2d Cir. 1995) ("Under the doctrine of law of the case, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (internal quotations omitted)); Correspondent Servs. Corp. v. J.V.W. Inv. Ltd., 524 F. Supp. 2d 412, 422 (S.D.N.Y. 2007) (prior ruling granting attorneys' fees is law of the case).

## **The Attorneys' Fees Are Reasonable**

3

Gentle Wave supported its application for fees with "contemporaneous time records . . .specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); "Counsel is not required to 'record in great detail how each minute of his time was expended," but he should 'identify the general subject matter of his time expenditures.'" Hnot v. Willis Group Holdings Ltd., No. 01 Civ. 6558, 2008 U.S. Dist. LEXIS 28312, at *17 (S.D.N.Y. April 7, 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)). Block billing has been held to comply with Second Circuit standards and client expectations. Hnot, 2008 U.S. Dist. LEXIS 28312 at *18-20; Rodriguez v. McLoughlin, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (approving fees calculated through block billing as "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney" (quoting United States Football League v. National Football League, 704 F. Supp. 474, 477 (S.D.N.Y. 1989))).

Petitioner has established that the hourly rates charged are consistent with rated charged in this district for attorneys with comparable experience.

Respondent argues that in Rhonda Enterprises, Plaintiff's counsel was awarded a smaller sum than Petitioner is requesting here.  Respondent has contended that the fees awarded in that case, approximately $15,000, should dictate the amount awarded in the present case.

However, this action, seeking to enforce an award rendered overseas, resulted from the refusal to pay the award rendered against it.  Gentle Wave was required to research and argue the issue of arbitrator's partiality under the New York Convention, English law, and the Federal Arbitration Act. The costs of this action were substantially due to Respondent's choice to contest it. See Telenor Mobile Communs. AS v. Storm LLC, No. 08 Civ. 6188, 2009 U.S. App. LEXIS 22156, at *33 (2d Cir. Oct. 8, 2009) ("[Respondent's] situation, like that of the apocryphal parricide seeking mercy because he had been orphaned, is entirely of its own making."). Under these circumstances, attorneys' fees and expenses of $68,532.48 are reasonable.

5

It is so ordered.

New York, NY
February  //  , 2010

ROBERT W. SWEET
U.S.D.J.